UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROYCE DRENNON, | ) |
| | ) |
| Plaintiff, | ) No. 3:16-cv-00088 |
| | ) Senior Judge Haynes |
| v. | ) |
| | ) |
| JUDGE ROYCE TAYLOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM

Plaintiff, Royce Drennon, a pretrial detainee at the Rutherford County Jail in Murfreesboro, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Judge Royce Taylor and the State of Tennessee for alleged violations of the Plaintiff's civil rights. (Docket No. 1). Plaintiff seeks damages of $200 per day for each day of lost wages, $25,000 for pain and suffering, and an unspecified amount of punitive damages as well as disciplinary action against Judge Taylor. *Id.* at 9.

According to his complaint, Plaintiff alleges the Defendants have held the Plaintiff as a pretrial detainee for 347 days without affording the Plaintiff the opportunity to post bail. Plaintiff alleges that refusal as a violation of his Eighth Amendment rights. (Docket No. 1).

The Plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under the PLRA, courts are required to screen complaints filed by prisoners and dismiss those complaints that are frivolous, malicious, or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

To state a claim under § 1983, the plaintiff must allege plausible facts of a deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

As to the Plaintiff's claims against Judge Taylor, judges are absolutely immune from liability for damages under § 1983, *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983), unless he engaged in non-judicial actions or in complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12

(1991). Plaintiff does not allege such facts, and thus, Plaintiff's claim for damages from Judge Taylor fails to state a claim.

To the extent that Plaintiff seeks intervention in his pending state criminal proceedings, a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). The Court may raise the issue of *Younger* abstention *sua sponte*. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

The *Younger* abstention doctrine recognizes that the states have a special interest in enforcing their laws in their courts. *Id.* at 44. The doctrine rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention applies where: (1) there is an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings for Plaintiff to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

These factors are present here. First, a state criminal prosecution of the Plaintiff for simple burglary is pending. Second, the state criminal proceedings implicate important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, Plaintiff expresses dissatisfaction with the state court judge's rulings in his criminal case. Plaintiff does not allege that the state court has refused or would refuse to consider the Plaintiff's constitutional claims. If the state trial court denies or otherwise fails to consider Plaintiff's constitutional claims, Plaintiff may exercise his right to an

appeal under Tennessee law.

To be sure, exceptions to the *Younger* doctrine exist where: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions are to be interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). For this exception, a plaintiff must do more than set forth mere allegations of bad faith or harassment. *See Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997)). Plaintiff's allegations do not establish any exception to the *Younger* doctrine.

As to Defendant State of Tennessee, a state is not a person that can be sued in a Section 1983 action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

For Plaintiff's allegation of unlawful detention, a state prisoner who challenges the fact or duration of his confinement must file his action under the federal habeas corpus statute, 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973). For Plaintiff's claim, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489–90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488–90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner

does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, such as here, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Given that a ruling in Plaintiff's favor on this claim would necessitate his release from custody, the Court concludes that this action is not cognizable under 42 U.S.C. § 1983. Plaintiff's exclusive remedy on his release claim is habeas corpus, which he may only seek under federal law after exhausting any remedies available in state court.

For these reasons, the Court concludes the Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A.

An appropriate Order is filed herewith.

ENTERED this the 29th day of February, 2016.

William J. Haynes, Jr.
Senior United States District Judge